IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ALAN CULP, | ) | CASE NO. 5:17-CV-00852 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN ALAN J. LAZAROFF, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

**Introduction**

Before me[1] is the *pro se* petition of Richard Alan Culp for a writ of habeas corpus under 28 U.S.C. § 2254.[2] In 2011, a Summit County Court of Common Pleas jury convicted Culp of five counts of rape and one count of kidnapping with repeat violent offender and sexually violent specifications.[3] He currently serves fifty years to life at the Mansfield Correctional Institution in Mansfield, Ohio as the result of a re-sentencing imposed by the Summit County Court of Common Pleas in 2014.[4]

As will be discussed in detail below, Culp, in his *pro se* petition, essentially raises

---

[1] This matter was referred to me under Local Rule 3.1 by Chief Judge Patricia A. Gaughan on April 21, 2017.
[2] ECF No. 1.
[3] *Id.* at 1.
[4] http://appgateway.drc.ohio.gov/OffenderSearch.

six grounds for federal habeas relief.[5] The State, in its return of the writ, argues that five of the six grounds should here be denied on the merits as to four claims that were adjudicated on the merits in state court, dismissed as procedurally defaulted as to one claim, while the remaining ground should be dismissed as non-cognizable.[6] Culp filed a traverse asserting that the procedural defaults alleged by the State were caused by ineffective assistance of his appellate counsel in the attempt to re-open the appeal after re-sentencing.[7]

For the following reasons, I will recommend that the petition be denied on the merits in part, dismissed as procedurally defaulted in part, and and dismissed as non-cognizable in part.

## Facts

### A.  The Underlying Offense, Trial, and Sentence

The following facts come from the decision of the appeals court.[8] On January 12, 2011, a Summit County Grand Jury indicted Culp on five counts of rape and one count of kidnapping.[9] The charges arose out of events that took place in the overnight of  December 11, 2010 to December 12, 2010.[10] Each of the five rape counts included a repeat violent offender and sexually violent predator specification, and the kidnapping count included a

---

[5] ECF No. 1.

[6] ECF No. 16.

[7] ECF No. 25.

[8] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF No. 16, Attachment 2 at 219.

[10] *Id.*

repeat violent offender and sexual motivation specification.[11]

A jury found Culp guilty of the five counts of rape, the one count of kidnapping, and the accompanying sexual motivation specification. After a separate bench trial, the trial court in 2011 sentenced Culp to 50 years to life, as well as imposed five years of post-release control after his prison term concluded.[12]

## B.  Direct Appeal

### 1.  *Ohio Court of Appeals*

Culp, through counsel, then filed a timely[13] notice of appeal with the Ohio Court of Appeals. In his brief, Culp filed four assignments of error:

1.  Admitting photographs of Appellant's Nazi Paraphernalia was an abuse of discretion and denied the appellant a fair trial.

2.  There was insufficient evidence to convict the defendant of rape and kidnapping.

3.  The Defendant's convictions for rape and kidnapping are against the manifest weight of the evidence.

4.  There was insufficient evidence to find that defendant a sexually violent predator and that finding was against the manifest weight of the evidence.[14]

---

[11] *Id.*

[12] *Id.* at 220. As will be discussed below, Culp was re-sentenced in 2014 to the same sentence. *Id*. at 244.

[13] Under Ohio App. R. 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Here, the sentence entered on October 25, 2011 (ECF No. 16, Attachment 2 at 45) and the notice of appeal filed on November 28, 2011(*id.* at 49).

[14] *Id*. at 54.

After the State filed a responsive brief,[15] on November 21, 2012, the Ohio appeals court

overruled all four assignments of error and affirmed the decision of the trial court.[16]

### 2. *Supreme Court of Ohio*

On January 7, 2013, Culp, *pro se*, thereupon filed a notice of appeal[17] with the

Supreme Court of Ohio, along with a memorandum in support of jurisdiction.[18] In his

memorandum Culp raised four propositions of law:

1. There was insufficient evidence to convict [Culp] of rape and kidnapping.

2. [Culp's] convictions of rape and kidnapping are against the manifest weight of the evidence.

3. There was insufficient evidence to find [Culp] a sexually violent predator and that finding was against the manifest weight of the evidence.

4. Admission of Nazi paraphernalia evidence was an abuse of discretion and denied [Culp] a fair trial.[19]

The State waived the filing of a response,[20] and on March 13, 2013 the Supreme

Court of Ohio declined to accept jurisdiction.[21] The record does not show that Culp sought

---

[15] *Id*. at 81.

[16] *Id.* at 117.

[17] *Id*. at 136. As noted above, the appeals court judgment was entered on November 21, 2012 and the notice of appeal was filed with the Supreme Court of Ohio on January 7, 2013. According to Ohio S. Ct. Rule of Practice 7.01(A)(1) Culp had 45 days within which to appeal the decision of the appeals court and that period began the day after the appeals court decision – or on November 22, 2012. Supreme Ct. Rule of Practice 3.03. Apparently, Culp filed on day 46 and so was untimely. [He submitted the notice on December 30, 2012, but Ohio does not follow the prison mail-box rule. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 753 (6th Cir. 2011)]. Although Culp may have been untimely in filing with the Supreme Court of Ohio, neither the State nor the Court raised the issue.

[18] *Id*. at 138.

[19] *Id*. at 139.

[20] *Id*. at 167.

[21] *Id*. at 168.

a writ of certiorari from the Supreme Court of the United States.

## C. Post-conviction Proceedings

### 1. Ohio Court of Appeals: Application to Re-open

On February 14, 2013, or before the Ohio Supreme Court declined to hear his direct appeal, Culp timely filed a *pro* se application to re-open his direct appeal.[22]  He presented two issues for review:

1. Failure of appellate counsel to raise ineffective assistance of trial counsel.[23]

2. Failure of appellate counsel to raise an allied offense issue in violation of Ohio Rev. Code Ann. § 2941.25 (West).[24]

Culp's application was granted, and the appellate court ordered the case to proceed as on an initial appeal limited to those assignments of error and arguments not previously considered.[25]

Culp then filed an appellate brief with a single assignment of error[26] arising out of the re-opening petition:

1. The trial court committed plain error in imposing consecutive sentences of ten years to life imprisonment for rape with sexually violent predator specifications as a matter of law, and thereby failing to address the issue of merger of these counts as allied offenses of similar import.[27]

---

[22] *Id*. at 169. An application to re-open must be filed within 90 days of the judgment. Here, Culp filed the application on day 85.
[23] *Id*. at 172
[24] *Id*. at 176.
[25] *Id*. at 192.
[26] Culp did not raise as an assignment of error ineffective assistance of trial counsel.
[27] *Id.* at 198.

The assignment of error was sustained, the judgment reversed, and the matter remanded to the trial court for proper analysis of allied offenses pursuant to the standard set forth in *Johnson*.[28]

### 2.  *Summit County Court of Common Pleas: Initial Resentencing*

Culp, through counsel, thereupon filed a timely resentencing memorandum with the Summit County Court of Common Pleas.[29] In petitioning for a maximum incarceration of ten years to life, the brief in support of resentencing raised the following proposition of law:

> 1. Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.[30]

The state filed a brief in response.[31] On April 23, 2014, the Summit County Court of Common Pleas determined that the rape and the kidnapping were not allied offenses and then re-sentenced Culp to his previous sentence.[32]

### 3.  *Ohio Court of Appeals: Appeal of Resentencing*

On May 27, 2014, Culp then entered a notice of appeal.[33] On June 10, 2014, the Ohio Court of Appeals declined jurisdiction, and dismissed the case because the trial court's failure to issue a judgement of conviction complying with the requirements of Ohio

---

[28] *Id*. at 222.
[29] *Id*. at 224.
[30] *Id.* at 227.
[31] *Id.* at 230.
[32] *Id.* at 238.
[33] *Id.* at 240.

Civ. R. 32(C) pertaining to what must be in a judgment entry.[34]

### 4. *Summit County Court of Common Pleas: Second Resentencing*

On August 11, 2014, the Summit County Court of Common Pleas then again ordered Culp to serve his original sentence: (1) that the five counts of rape be served consecutively for fifty years to life; (2) that the count of kidnapping be served concurrently; (3) that the repeat violent offender specifications not add additional sentencing; and (4) that the petitioner be supervised on post-release control for five years.[35]

### 5. *Ohio Court of Appeals: Second Resentencing*

On September 9, 2014 Culp appealed from the August 11th second resentencing.[36] In his brief in support he asserted the following assignment of error:

> 1. The trial court committed error and/or plain error as a matter of law in imposing consecutive sentences of ten years to life imprisonment for rape with sexually violent predator specifications.[37]

The State filed a brief in response.[38] On July 15, 2015 the Ohio appeals court overruled the assignment of error by concluding that since the jury found Culp a sexually violent predator before sentencing, the court did not err when relying on Ohio Rev. Code Ann. § 2971.03 (West) to order the terms attributed to each of the five rapes to run consecutively.[39]

### 6. *Supreme Court of Ohio: Second Resentencing*

Culp, *pro se*, thereupon filed a timely notice of appeal with the Ohio Supreme

---

[34] *Id.* at 242.
[35] *Id.* at 246.
[36] *Id*. at 250.
[37] *Id*. at 254.
[38] *Id.* at 257.
[39] *Id*. at 277.

Court.[40] In his brief, he raised the following propositions of law:

1. The trial court committed plain error in imposing consecutive sentences for rape with sexually violent predator specifications as a matter of law, and thereby violating appellant's state and federal due process rights under the constitution of Ohio and the Fifth and Fourteenth Amendment of the United States Constitution.[41]

2. The trial court committed plain error in failing to merge the five rape counts with sexually violent predator specifications, and thereby violating appellant's state and federal due process rights under the constitution of Ohio and the Fifth and Fourteenth Amendments of the United States Constitution.[42]

The State did not file a response. On October 18, 2015, the Supreme Court of Ohio declined jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).[43]

### 7. *Ohio Court of Appeals: Application to Re-open Appeal of the Second Resentencing*

Before learning the outcome from the Ohio Supreme Court, on October 13, 2015, filed a *pro se* application to re-open the appeal of the second re-sentencing.[44] Culp's motion raised two issues concerning ineffective appellate counsel during his resentencing memorandum:

1. Failure to raise the issue of trial counsel's ineffectiveness.[45]

2. Failure to raise the issue of trial court's abuse of discretion.[46]

---

[40] *Id*. at 281. Culp filed the notice of appeal on August 20, 2015 from the appellate decision entered on July 15th—or within 45 days.
[41] *Id*. at 286.
[42] *Id*. at 286.
[43] *Id*. at 299.
[44] *Id*. at 300.
[45] *Id*. at 302.
[46] *Id*. at 303.

The state filed a response, arguing, *inter alia*, that *res judicata* should bar consideration of the claims asserted.[47] On January 15, 2016 the Ohio Court of Appeals denied the application for re-opening, finding: (1) that Culp never filed an application for re-opening following the decision concerning the initial appeal that resulted in a remand for consideration of the allied offenses argument,[48] and  (2) that all proceedings after that appeal strictly concerned the issue of allied offenses.[49] Therefore, (3) as a result, *res judicata* bars arguments as to the trial counsel's ineffectiveness and trial court's abuse of discretion since they could have been raised in the earlier appeal.[50]

### 8.  Ohio Supreme Court: Application to Re-open Appeal from Second Resentencing

On February 29, 2016 Culp again filed a notice of appeal to the Ohio Supreme Court,[51] alleging the following propositions of law:

1. Was appellant Richard Alan Culp deprived of effective assistance of counsel when appellate counsel:
   a. Did not raise the constitutional issue of ineffective assistance of trial counsel when grounds for said issue were on the record;
   b. Did not raise the constitutional issue of due process violations when grounds for said issue were on the record;
   c. Failed to confer with appellant at any time prior to filing the 26(B) memorandum in support; and
   d. Failed to answer appellant's letters and/or communicate in any manner with appellant throughout the entire process?

2. Was Appellant counsel's deficient performance sufficient so satisfy the two-pronged standard of the United States Supreme Court as set forth in *Strickland v. Washington*?

---

[47] *Id*. at 326.
[48] *Id*. at 333.
[49] *Id.*
[50] *Id*. at 334.
[51] *Id*. at 335.

3.  Was Appellant's Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution violated when:
    a.  The trial court allowed the un-Mirandized playing of appellant's taped conversation with the police during the trial; and
    b.  The trial court badgered defendant's key alibi witness during her testimony on the stand, thereby diminishing her credibility in the eyes and minds of the jury?[52]

The state waived its response.[53] On May 4, 2016, the Ohio Supreme Court declined jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).[54]

## D.  Petition for Writ of Habeas Corpus

Culp, *pro se*, filed[55] the present petition for federal habeas relief on April 15, 2017.[56] Finding the original petition disorganized, the state filed a return of writ that structured Culp's assertions.[57] In his traverse, Culp reorganized to stipulate to the six grounds for relief set forth by the State:[58]

> **GROUND ONE:** The admitting of photographs of Petitioner's Nazi paraphernalia was an abuse of discretion by the trial court that denied petitioner his constitutional right to a fair trial and Due Process.

> **GROUND TWO:** There was insufficient evidence to convict the petitioner of rape and kidnapping.

---

[52] *Id*. at 341.
[53] *Id*. at 353.
[54] *Id*. at 354.
[55] The present petition for federal habeas relief was filed on April 15, 2017. ECF No. 1. This is the date *Culp*, a *pro se* prisoner in state custody, stated this petition was put into the prison mail system for forwarding to this Court. The "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), recognizes that date as the date of filing. As such, it was filed within one year after the Ohio Supreme Court dismissed the final appeal from the denial of the application to re-open the appeal from the second re-sentencing. 28 U.S.C. § 2254(d)(1).
[56] ECF No. 1.
[57] ECF No. 16
[58] ECF No. 24 at 2.

**GROUND THREE**: The petitioner's convictions for rape and kidnapping are against the manifest weight of the evidence.

**GROUND FOUR:** There was insufficient evidence to find the petitioner a sexually violent predator and that finding was against the manifest weight of the evidence.

**GROUND FIVE**: The trial court erred when it sentenced petitioner to consecutive sentences when the convictions are allied offenses of similar import in violation of the Double Jeopardy Clause of the United States Constitution.

**GROUND SIX**: The petitioner received ineffective assistance of appellate counsel when counsel failed to raise multiple issues on direct review and causing them to possibly be procedurally defaulted.[59]

## Analysis

### A. Preliminary Observations

Before proceeding to an analysis of the petition, I make the following initial observations:

1. There is no dispute that Culp is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[60]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[61]

3. In addition, my review of the docket of this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[62]

---

[59] *Id.*

[60] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[61] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283–84 (6th Cir. 2000).

[62] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4. Moreover, subject to any fair presentment or procedural default arguments raised by the state, it appears that these claims have been totally exhausted in Ohio courts by virtue of one full round of Ohio's established appellate review procedure.[63]

5. Finally, Culp is not represented by counsel, and has not requested the appointment of counsel,[64] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[65]

## B.  Standards of Review

### 1.    AEDPA

Under the Antiterrorism and Effective Death Penalty Act, this Court may not grant a writ of habeas corpus unless the state court's adjudication of Culp's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[66] In light of the standard AEDPA establishes, this Court does not "lightly overturn a state court's decision that state proceedings complied with the United States Constitution."[67] This also means that "the state court decision must be 'objectively unreasonable, not merely wrong; even clear error will not suffice.' "[68]

### 2.  Procedural Default

---

[63] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[64] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[65] 28 U.S.C. § 2254(e)(2).

[66] 28 U.S.C. § 2254(d).  *See Harris v. Sheets*, 489 F. App'x 69, 71 (6th Cir. 2012).

[67] *Eggers v. Warden*, 826 F.3d 873, 875 (6th Cir. 2016).

[68] *Id.* at 875–76 (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotations omitted)).

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[69] Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[70] The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[71] This requires a petitioner to go through "one complete round" of the state's appellate review process,[72] presenting his or her claim to "*each* appropriate state court."[73] A petitioner may not seek habeas relief then if he or she does not first "fairly present[ ] the substance of his [or her] federal habeas corpus claim to the state courts."[74]

When a state asserts a violation of a state procedural rule as the basis for default in federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[75] A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[76]

---

[69] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[70] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[71] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (citation omitted).

[72] *O'Sullivan*, 526 U.S. at 845.

[73] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[74] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)) (internal quotation marks omitted).

[75] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916–17 (6th Cir. 2010) (applying test post-AEDPA).

[76] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008), *writ denied,* No. 1:98 CV 0 2453, 2011 WL 1257306 (N.D. Ohio Mar. 31, 2011).

- "[T]here must be a state procedure in place that the petitioner failed to follow."[77]

- "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[78]

- "[T]he state procedural rule must be an 'adequate and independent state ground,'[79] that is both 'firmly established and regularly followed.' "[80]

- The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[81]

In order to show "cause" for the default, the petitioner must show that " 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' "[82] In order to show "prejudice" for the default, the petitioner must show that the errors at trial " 'worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions.' "[83]

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[84]

Notwithstanding these elements, the Supreme Court has held that a federal habeas

---

[77] *Id.* (citing *Maupin*, 785 F.2d at 138).

[78] *Id.*

[79] *Id.* ("A state procedural rule is an independent ground when it does not rely on federal law.")

[80] *Id.* (citation omitted).

[81] *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012)).

[82] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[83] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

[84] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[85]

### 3. Non-cognizable Claim

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[86] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[87] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[88]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[89] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[90] Specifically, such violations are restricted to offenses against " 'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' "[91]

---

[85] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[86] 28 U.S.C. § 2254(a).

[87] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[88] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[89] *Bey*, 500 F.3d at 522 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[90] *Bey*, id. (quoting *Dowling*, 493 U.S. at 352).

[91] *Id.* at 521 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[92] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[93] and may not second-guess a state court's interpretation of its own procedural rules.[94] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[95] the Sixth Circuit has recognized that " '[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.' "[96]

## C. Application of Standards

### 1. Grounds One, Two and Four should be denied on the merits because the decision of the Ohio appeals court denying these claims on direct appeal is not an unreasonable application of clearly established federal law nor contrary to such law.

As stated, Ground One contends that Culp's due process rights were violated when the trial court admitted photographs of Culp's Nazi paraphernalia. Ground Two asserts that there was insufficient evidence to support the convictions for rape and kidnapping. Ground Four alleges that the finding that Culp is a sexually violent offender is not supported by sufficient evidence.

Ground One asserts that the trial court erred in admitting evidence that Culp had

---

[92] *Id.*
[93] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).
[94] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[95] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[96] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006) (quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983)).

Nazi paraphernalia. The trial court analyzed this as a matter of state law and concluded that the evidence was relevant to establishing the victim's credibility as to her claims that she feared for her life during the events with Culp, as well as went to the use of force in the kidnapping charge.[97] As to any prejudice from the admission of otherwise relevant evidence, the Ohio appeals court further reasoned that it was Culp's own counsel who introduced the jury to Culp's Nazi connections by telling them that Culp has a swastika tattoo on his chest and has neo-Nazi statues and flags in his apartment.[98] Moreover, the appellate court noted that Culp did not object at trial to the introduction of a photograph that showed a Nazi helmet.[99] Thus, the court concluded, the admission of the Nazi paraphernalia did not prejudice any of Culp's right to a fundamentally fair trial.[100]

In that regard, although the Ohio court largely analyzed this claim as a matter of state law, I note that it did take into account the potential prejudice from even relevant evidence, observing, as noted above, that Culp's own counsel informed the jury of multiple ways that Nazi symbols were present in Culp's apartment and further noting that Culp never objected to a photograph that included a Nazi helmet. As such, the Ohio trial court essentially showed that even if the admission of this evidence was in error, any such error was harmless given the other ways the jury did learn of Culp's Nazi interests. This harmless error analysis is consistent with the Sixth Circuit's reasoning in *Bower v. Curtis*,[101] which

---

[97] *Id.* at 128–29.
[98] *Id.* at 129.
[99] *Id.* at 130.
[100] *Id.* at 129.
[101] *Bower v. Curtis*, 118 F. App'x 901, 907–08 (6th Cir. 2004).

also discussed a situation where the admission of evidence, even if erroneous, did not render a trial fundamentally unfair.[102]

As to Ground Two—the sufficiency of the evidence as to rape and kidnapping—this claim was presented to the Ohio appeals court on direct review.[103] The appeals court analyzed it under Ohio's version of *Jackson v. Virginia*,[104] the well-known federal law concerning sufficiency of the evidence, that asks whether any rational fact-finder, after viewing the evidence in the light most favorable to the prosecution, could have found all the essential elements of the offense proven beyond a reasonable doubt.[105]

The appeals court then focused on the testimony of the victim, as well as the DNA tests taken immediately after the events, and concluded that there was sufficient evidence to support the convictions for rape and kidnapping.[106]

Ground Four maintains that there was insufficient evidence to find Culp a sexually violent offender. The Ohio appeals court, employing the same standard for assessing sufficiency of the evidence as was discussed above,[107] concluded that although the jury heard from a psychological expert testifying for Culp that he did not believe Culp was a

---

[102] I further note that Culp did not present this issue to the state court as a matter of federal law. A review of the brief on this matter shows that Culp raised the admission of this evidence solely as a question of abuse of discretion and a violation of the Ohio rules of evidence. ECF No. 16, Attachment 2 at 59-61 Thus, it was not fairly presented to the Ohio court as a federal issue and so is here procedurally defaulted. *Bell v. Sheldon*, No. 1:09 CV 1884, 2010 WL 5342872, at *9 (N.D. Ohio Sept. 24, 2010), *report and recommendation adopted,* No. 1:09 CV 1884, 2010 WL 5342869 (N.D. Ohio Dec. 21, 2010).

[103] ECF No. 16, Attachment 2 at 118.

[104] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[105] *Id.*

[106] ECF No. 16, Attachment 2 at 119-23.

[107] *Id.* at 130.

sexually violent offender, the jury also heard from an expert witness for the prosecution who reached the opposite conclusion.[108] Moreover, the appellate court pointed out that the jury could reasonably have concluded from the other evidence that Culp tortured the victim in the course of the events, providing further support for some of the six statutory elements of the finding that Culp was a sexually violent predator.[109]

Upon review, the state court considered the individual factors of the finding and concluded that a rational fact-finder, taking the evidence in a light most favorable to the prosecution, could have found all the elements proven beyond a reasonable doubt. I recommend finding that this conclusion was not an unreasonable application of the clearly established federal law of *Jackson*.

### 2. Ground Six—ineffective assistance of appellate counsel—is procedurally defaulted.

I note initially that Culp has not disputed that these claims are procedurally defaulted. In fact, in his traverse, Culp begins by arguing that there is cause for the procedural default and that prejudice will result from not addressing the claims on the merits.[110] Culp maintains that the cause for the default lies with his appointed counsel in the original Rule 26(B) application who, Culp contends, erroneously told Culp that the issue not raised in the first re-opened appeal—that of ineffective assistance of trial counsel—could be raised later during an appeal from the re-sentencing, since counsel would seek to consolidate the appeal from re-sentencing with the prior appeal.[111]

---

[108] *Id.* at 131–33.
[109] *Id.* at 134.
[110] ECF No. 24 at 1.
[111] *Id.* at 4.

A brief review of the relevant procedural history may now be helpful in understanding Culp's argument. As noted, after a jury found Culp guilty, he appealed, raising claims as to the sufficiency and weight of the evidence as well as contesting the trial court's decision to admit two photographs.[112] The appeals court rejected those claims and affirmed his conviction. Culp then filed an application to re-open, arguing that appellant counsel was ineffective for failing to: 1) assert trial counsel's ineffectiveness on a variety of grounds;[113] and 2) allege that the offenses were allied offenses of similar import.[114]

That application to re-open was granted. But in submitting his brief to the appellate court, Culp, through counsel, only raised and argued the single assignment of error concerning allied offenses and did not argue trial counsel's ineffectiveness.[115] As noted in a later appellate opinion that rejected Culp's attempt to re-open the appeal after the second re-sentencing, Culp never filed an application to re-open following his counsel's decision in the first Rule 26(B) case to only argue the single assignment of error regarding allied offenses and to waive argument as to ineffective assistance of trial counsel.[116]

As the Ohio appeals court stated, under Ohio's *res judicata* rule, claims must be raised at the first opportunity,[117] which, as to the ineffective assistance of trial counsel

---

[112] ECF No. 16, Attachment 2 at 54.
[113] *Id.* at 172.
[114] *Id.* at 176.
[115] *Id.* at 222.
[116] *Id.* at 333.
[117] *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994).

claim, was in the first 26(B) proceeding, where Culp raised that issue in his initial application to re-open but then failed to follow through and present it in the brief.[118]

That said, Ohio's *res judicata* rule is recognized as an adequate and independent state ground on which Ohio may rely to foreclose review in a federal habeas court.[119] Thus, as the Ohio appeals court stated, since Culp failed to present these claims to Ohio courts at the earliest opportunity and may now no longer do so due to *res judicata*, this claim is procedurally defaulted.

Culp claims that the default was caused by ineffective assistance of appellate counsel. As is well-established, while ineffective assistance may be a cause to excuse procedural default, such ineffective assistance is itself a federal constitutional claim that must be properly presented to state courts and may itself be procedurally defaulted.[120] As detailed here, Culp's failure to properly and timely raise an independent claim of ineffective assistance of appellate counsel to the Ohio courts has resulted in that claim being procedurally defaulted.

Moreover, Culp has not excused the default by showing that his conviction is the result of a fundamental miscarriage of justice; that is, the conviction of a person who is actually innocent. Actual innocence means "factual innocence, not mere legal insufficiency."[121]

Therefore, I recommend finding that Ground Six is procedurally defaulted and so

---

[118] *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).
[119] *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).
[120] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).
[121] *Bousley v. United States,* 523 U.S. 614, 623 (1998).

should be dismissed.

### 3. *Ground Five should be dismissed as non-cognizable.*

Ground Five, which contends that consecutive sentences for allied offenses violate double jeopardy, should be dismissed as non-cognizable.

In this case, the appeals court found that the trial court initially failed to conduct a proper analysis when determining whether the five counts of rape constituted allied offenses of similar import.[122] Accordingly, the appeals court found error and remanded the case for resentencing.[123]

On remand, the trial court rectified their error and referred to the record for the appropriate analysis concerning allied offenses.[124] The court relied upon Ohio law in considering whether the conduct can be construed as allied offenses of similar import subject to merger, or if the conduct resulted in the commission of dissimilar offenses, or that the offenses were committed separately or if the defendant had a separate animus for each offense.[125] To support the conclusion that Culp's crimes involved five separate acts and were of dissimilar import,[126] the court pointed to the modes of rape: "the counts of rape included oral, anal, vaginal rapes, and also using certain implements during the rapes, hence accounting for the five total charges."[127] Accordingly, the trial court ordered the

---

[122] ECF No. 16, Attachment 2 at 334.
[123] *Id.*
[124] *Id.* at 351.
[125] ECF No. 16, Attachment 10 at 21.
[126] EFC No. 16, Attachment 2 at 238.
[127] ECF No. 16, Attachment 10. at 17.

previous sentence with aggregated offenses to remain in full force and effect.[128]

The Supreme Court has held that, in the case of cumulative sentences imposed at a single trial, the Double Jeopardy clause of the Constitution does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.[129] In that regard, the Sixth Circuit teaches that an Ohio court that determines the application of Ohio's allied offenses statute in a particular case necessarily resolves any Double Jeopardy claim, even if it does not expressly say so.[130] In doing so, even if the Ohio court incorrectly applies Ohio's allied offense statute, federal habeas relief will not be available for an error of state law.[131]

Accordingly, because the Ohio court determined that Ohio's allied offenses statute permits the sentences imposed here, I recommend, based on the Sixth Circuit holding in *Jackson*, that Ground Five be dismissed a non-cognizable matter of state law.

### 4. *Ground Three—Culp's manifest weight claim—should be dismissed as a non-cognizable state law claim*.

Ground Three maintains that the convictions for rape and kidnapping are against the manifest weight of the evidence. A manifest weight of the evidence is a state law claim that is non-cognizable in a federal habeas proceeding.[132] That said, courts may interpret

---

[128] EFC No. 16, Attachment 2 at 238.
[129] *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).
[130] *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014) (citations omitted).
[131] *Id.* at 214–15.
[132] *Battiste v. Miller*, No. 1:17-CV-128, 2019 WL 6221477, at *13–14 (N.D. Ohio July 8, 2019), *report and recommendation adopted,* No. 1:17 CV 128, 2019 WL 4385735 (N.D. Ohio Sept. 13, 2019), *certificate of appealability denied sub nom. Battiste v. Gray*, No. 19-3938, 2020 WL 1539266 (6th Cir. Jan. 17, 2020) (citations omitted).

such a claim by a pro se petitioner as stating a cognizable claim of insufficiency of the evidence.[133] However, because independent insufficiency of the evidence claims already exist here, I recommend dismissing the manifest weight claim in Ground Three as non-cognizable.

### 5. *Summary*

As is detailed above, I recommend that:

- Grounds One, Two and Four be denied on the merits;

- Ground Six be dismissed as procedurally defaulted; and

- Grounds Three and Five be dismissed as non-cognizable.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition of Richard Alan Culp for a writ of habeas corpus under 28 U.S. § 2254[134] be denied in part and dismissed in part as is more fully set forth above.

IT IS SO RECOMMENDED.

Dated: August 19, 2020                                           s/William H. Baughman Jr.
                                                                United States Magistrate Judge

---

[133] *Id.*
[134] ECF No. 1.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[*]

---

[*] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).